IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS BURNETT,

      Plaintiff,                    No. CIV S-11-1228 EFB P

     vs.

GRAHAM BELL, et al.,

      Defendants.            ORDER

                             /

       Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.    Request to Proceed In Forma Pauperis**

       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 3. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## II.   Screening Order

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

////

1  The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it does not
2  state a cognizable claim.  Thus, to proceed plaintiff must file an amended complaint.

3  Plaintiff alleges that defendant Bell, and educational instructor at California State Prison,
4  Sacramento, falsely claimed to be the cousin of plaintiff's grandmother.  On that basis, Bell
5  claimed that plaintiff's presence at the institution created a conflict, and asked that plaintiff be
6  transferred to another prison.  Plaintiff alleges each remaining defendant – Hamad, Baker,
7  Johnson, Guzman, Kimzey, Hontz, Aguirre, and Virga, each played a role in either processing
8  plaintiff's related inmate appeals, or in retaining plaintiff in administrative segregation pending
9  plaintiff's transfer to another institution.

10  Plaintiff is hereby informed of the following standards governing constitutional claims
11  under 42 U.S.C. § 1983.  In order to state a claim under § 1983, a plaintiff must allege: (1) the
12  violation of a federal constitutional or statutory right; and (2) that the violation was committed
13  by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988);
14  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

15  An individual defendant is not liable on a civil rights claim unless the facts establish the
16  defendant's personal involvement in the constitutional deprivation or a causal connection
17  between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See*
18  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th
19  Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for
20  the unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948
21  (2009).  Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must
22  plead that each Government-official defendant, through the official's own individual actions, has
23  violated the Constitution."  *Id.*  It is plaintiff's responsibility to allege facts to state a plausible
24  claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.
25  2009).
26  ////

The allegations fail to sufficiently frame a claim under the Fourteenth Amendment.

Prisoners have no liberty interest in avoiding being transferred to another prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976); *United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (per curiam). Inmates have "no justifiable expectation" that they will be incarcerated in any particular prison, and transferring an inmate to another prison does not infringe a protected liberty interest. *Olim*, 461 U.S. at 245; *Vitek v. Jones*, 445 U.S. 480, 489 (1980).

Nor does the complaint allege sufficient facts to show plaintiff was denied due process with respect to his placement in administrative segregation. "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). However, state regulations may create a liberty interest in avoiding restrictive conditions of confinement if those conditions "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Under *Sandin*, a liberty interest may exist where placement in administrative segregation "imposes atypical and significant hardship in the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Here, the complaint does not allege facts showing that plaintiff's placement in administrative segregation resulted in a dramatic departure from the basic conditions of his sentence.

Moreover, there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on a defendant simply he or she played a role in processing plaintiff's inmate appeals.

////

////

4

Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

In an amended complaint, plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Any amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

////

////

1        3.  The complaint is dismissed with leave to amend within 30 days.  The amended
2 complaint must bear the docket number assigned to this case and be titled "First Amended
3 Complaint."  Failure to comply with this order will result in a this action being dismissed for
4 failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the
5 court will proceed with service of process by the United States Marshal.
6 Dated:   January 13, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE